IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:15-CV-42-BO

| | |
|---|---|
| RED WOLF COALITION, DEFENDERS OF WILDLIFE, and ANIMAL WELFARE INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES FISH AND WILDLIFE SERVICE; DAN ASHE, in his official capacity as Director of the United States Fish and Wildlife Service; CYNTHIA K. DOHNER, in her official capacity as Regional Director of the United States Fish and Wildlife Service Southeast Region.<br><br>Defendants. | **JOINT RULE 26(f) REPORT** |

NOW COME Plaintiffs Red Wolf Coalition, Defenders of Wildlife, and Animal Welfare Institute ("Conservation Groups" or "Plaintiffs") and Defendants the United States Fish and Wildlife Service ("USFWS" or "Service"), Dan Ashe, in his official capacity as Director of USFWS, and Cynthia K. Dohner, in her official capacity as Regional Director of the USFWS for the Southeast Region (collectively "Federal Defendants"), and submit the following Joint Rule 26(f) Report.

**I.     Conference and participants.**  The following persons participated in a Rule 26(f) conference on May 5, 2016, by telephone:

Sierra B. Weaver, John Suttles, and Ramona H. McGee from the Southern Environmental Law Center representing the Plaintiffs.

Jeremy Hessler and Michelle-Ann Williams from the U.S. Department of Justice representing the Defendants.

**II.** **Initial Disclosures.** The Parties disagree on the applicability of the initial disclosure requirement.

    A.    <u>Plaintiffs' position</u>: The Plaintiffs propose that initial disclosures required by Rule 26(a)(1) will be completed by July 11, 2016.

    B.    <u>Federal Defendants' position</u>: FWS avers that this proceeding is exempt from the requirement to provide initial disclosures because it is an action for review on an administrative record. Fed. R. Civ. P. 26(a)(1)(B)(i).

**III.** **Discovery Plan.** The Parties disagree on the timing and applicability of discovery to this case:

    A.    <u>Plaintiffs' position</u>: Plaintiffs have alleged that Defendants' actions and inactions are causing the illegal take of endangered red wolves and may be jeopardizing the continued existence of the species, as evidenced by recent population declines from over 100 in 2014, to as few as 45 animals in 2016. *See* Pls.' First Amended Complaint at ¶¶ 78-83 (Dkt. #20). Plaintiffs' claims do not pertain to any formal decisions made by an agency on an administrative record. *See Wash. Toxics Coalition v. EPA*, 413 F. 3d. 1024, 1034 (9th Cir. 2005) ("Because this substantive statute independently authorizes a private right of action, the [Administrative Procedure Act] does not govern the plaintiffs' claims. Plaintiffs' suits to compel agencies to comply with the substantive provisions of the ESA arise under the ESA citizen suit provision, and not the [Administrative Procedure Act].") Plaintiffs' claims alleging violations of the Endangered Species Act pursuant to the Act's citizen suit provision, 16 U.S.C. § 1540(g), are distinct from those reviewable under the Administrative Procedure Act. *Id. See also Or. Natural Desert Ass'n v. Kimbell*, 593 F. Supp. 2d 1217, 1220-21 (D. Or. 2009) (holding that claims

arising under the ESA's independent citizen suit provision did "not challenge specific administrative decisions" and thus "renders the APA limitations inapplicable"). Plaintiffs' additional claim that the Service's failure to complete any supplemental environmental analysis pursuant to the National Environmental Policy Act following significant changes in the red wolf population and Service policy is similarly subject to discovery because there is no record to review. *See Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000).

Plaintiffs aver that the partial schedule laid out by Defendants in Exhibit B will neither produce the factual materials necessary for resolution of this case, nor allow it to be resolved in a timely manner. Because this case involves the recent significant decline of a highly endangered species, it is imperative that this case be resolved as quickly as possible. Plaintiffs proposed schedule for an expeditious resolution of this case is attached as Exhibit A.

B. <u>Federal Defendants' position</u>: FWS avers that discovery is impermissible and inappropriate because Plaintiffs' claims against FWS are governed by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706. This includes any claims Plaintiffs have allegedly brought under the Endangered Species Act's ("ESA") citizen suit provision. *See, e.g., Am. Canoe Ass'n, Inc. v. EPA*, 46 F. Supp. 2d 473, 477 (E.D. Va. 1999) (finding "persuasive precedent and settled principles of administrative law compel the conclusion that discovery in plaintiffs' . . . ESA citizen suit[] are properly limited to APA record review."). Because the APA dictates the appropriate scope of review in this case, any resolution of Plaintiffs' claims will be based on judicial review of the administrative record to be certified and lodged by the Federal Defendants and not based on any fact-finding by the Court. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the

3

reviewing court.") (citation omitted). The limitation against discovery applies with equal force whether Plaintiffs challenge final agency action under 5 U.S.C. § 706(2) or seek to compel agency action under 5 U.S.C. § 706(1). *See, e.g.*, *Cross Timbers Concerned Citizens*, 991 F. Supp. 563 (N.D. Tex. 1997); *accord Biodiversity Legal Found. v. Norton*, 180 F. Supp.2d 7, 10 (D.D.C. 2001). There is therefore no need for a discovery plan in this case. *See, e.g., Nat'l Res. Def. Council v. EPA*, No. 03-cv-2444, 2005 WL 1241904, at *8 (D. Md. May 24, 2005).

Additionally, if Plaintiffs seek to present extra-record evidence under a recognized exception to the record review doctrine, the appropriateness of that review cannot be determined until the administrative record is lodged, its adequacy assessed, and the applicability of any exceptions to record review determined. *See, e.g., The Affiliated Constr. Trades Found. v. W. Va. Dep't of Transp.*, No. CIV.A. 2:04-1344, 2006 WL 1134139, at *3 (S.D.W. Va. Apr. 26, 2006) ("The parties in this case have yet to assemble an administrative record, and thus the court is unable to assess whether this case presents any circumstances that would justify expanding the record or permitting discovery").

Because of the complexities involved in the parties' positions regarding discovery and the importance of the applicable scope of review to the conduct of the case, Federal Defendants propose that the appropriateness of discovery be fully briefed before a decision on the scope of review is made or a schedule is set for further proceedings in the case. Federal Defendants have proposed a schedule for briefing this issue in an expedient manner, attached as Exhibit B.

**IV.** **Other Items:**

    A. **Status Hearing:** The Parties disagree as to when this Court should hold a status hearing.

1. Plaintiffs' Position: Given the substantial disagreement between the parties, Plaintiffs respectfully request a hearing at the Court's earliest availability. Plaintiffs believe that briefing on the scope of review will unnecessarily delay proceedings and any questions from the Court can be addressed at the status hearing.

2. Defendants' Position: Defendants believe that it would be most constructive and efficient for the parties to fully brief the disputed question of the scope of review in this case before a hearing is conducted.

B. The Parties agree that Plaintiffs should be allowed to amend their first amended complaint after June 6, 2016, when Plaintiffs' supplemental 60-day notice letter ripens. Federal Defendants do not waive any argument or defense related to Plaintiffs' supplemental 60-day notice letter. The Parties do not contemplate adding any additional parties.

C. **Pretrial Schedule and Deadlines**: The Parties disagree as to whether this case can be resolved on cross-motions for summary judgment or through a *de novo* trial proceeding. The Parties respective positions and proposals are discussed in the attached Exhibits.

D. **Mediation**: The Parties discussed mediation at the 26(f) conference and disagree as to the benefit of mediation in this case.

1. Plaintiffs' Position: The Parties have already engaged in settlement discussions during a 60-day extension for Defendants' time to respond to Plaintiffs' Complaint, and the Parties were unable to resolve Plaintiffs' claims. The claims in this case pertain to a rapidly declining population of the endangered red wolf, and any delay of resolution of this case will result in further harm to Plaintiffs' interests.

2. <u>Federal Defendants' position:</u> While the Parties have previously engaged in settlement discussions without the aid of a mediator, Federal Defendants are optimistic that with the help of a mediator, settlement discussions may be more likely to succeed.

This the 19th day of May 2016.

Respectfully submitted,

/s/ Ramona H. McGee
Ramona H. McGee
N.C. State Bar No. 47935
rmcgee@selcnc.org
Sierra B. Weaver
N.C. State Bar No. 28340
sweaver@selcnc.org
Derb S. Carter, Jr.
N.C. State Bar No. 10644
dcarter@selcnc.org

SOUTHERN ENVIRONMENTAL LAW CENTER
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
ATTORNEYS FOR PLAINTIFFS

John C. Cruden, Assistant Attorney General
Meredith L. Flax, Assistant Chief,
Lesley Lawrence-Hammer, Trial Attorney (DC Bar #982196)
Jeremy Hessler, Trial Attorney (CA Bar # 281462)
Email: Jeremy.hessler@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0210

Fax: (202) 305-0275

/s/ Michelle-Ann C. Williams
Michelle-Ann C. Williams
Trial Attorney (MD Bar)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Telephone: (202) 305-0420
Fax: (202) 305-0506
Email: michelle-ann.williams@ncdoj.gov

Neal I. Fowler (NC Bar #2737)
Assistant U.S. Attorney, Civil Division
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4049
Fax: (919) 856-4821
Email: neal.fowler@usdoj.gov

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2016, I electronically filed the foregoing Joint Rule 26(f) Report with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to counsel for the Defendants.

This the 19th day of May 2016.

/s/ Ramona H. McGee
Ramona H. McGee