IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:15-CV-42-BO

| | |
|---|---|
| RED WOLF COALITION, DEFENDERS OF WILDLIFE, and ANIMAL WELFARE INSTITUTE, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES FISH AND WILDLIFE SERVICE; DAN ASHE, in his official capacity as Director of the United States Fish and Wildlife Service; CYNTHIA K. DOHNER, in her official capacity as Regional Director of the United States Fish and Wildlife Service Southeast Region. <br><br> Defendants. | **EXHIBIT A: PLAINTIFFS' PROPOSED DISCOVERY SCHEDULE** |

Plaintiffs Red Wolf Coalition, Defenders of Wildlife, and Animal Welfare Institute ("Plaintiffs") propose the following Discovery Schedule.

**I.** **Discovery Plan.** Plaintiffs propose the following discovery plan:

A. Discovery will be needed on the following subjects:

1. Plaintiffs' contentions that Defendants have illegally authorized private take of endangered red wolves, and will continue to do so in the future, in violation of 50 C.F.R. § 17.84(c) and 16 U.S.C. § 1538(a)(1)(G);

2. Plaintiffs' contentions that Defendants have modified their interpretation and application of 50 C.F.R. § 17.84(c) without undergoing consultation as required by the Endangered Species Act and without completing any environmental review as required by the

National Environmental Policy Act, in violation of 16 U.S.C. § 1536(a)(2), 42 U.S.C. § 4332(2)(C), and 40 C.F.R. §§ 1501.4, 1508.9.

  3. Plaintiffs' contentions that Defendants have ceased active management and conservation of the endangered red wolf population, including but not limited to reintroducing captive-bred wolves into the wild, and any adaptive management practices such as sterilizing coyotes and pup-fostering.

  4. Plaintiffs' contentions that Defendants' actions in authorizing private lethal take and non-lethal removal of red wolves from private land, and Defendants' further failure to actively manage red wolves, are failing to provide for the conservation of endangered red wolves and are jeopardizing the continued existence of endangered red wolves.

  5. Plaintiffs' contentions that Defendants' actions and inaction regarding the red wolf population are harming Plaintiffs' members;

  6. Plaintiffs' contentions that Defendants have failed to conduct a five-year status review of the red wolf population, in violation of 16 U.S.C § 1533(c)(2).

  7. Defendants' contentions that they are not violating the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*;

  8. Other subjects determined to be relevant during the course of discovery.

 B. Electronically Stored Information: The Parties will produce documents, complete with metadata, in the following formats:

  1. The Parties will produce all Microsoft Word, Excel, and Powerpoint documents in native file format;

  2. The Parties will produce all Microsoft Outlook documents in .pst format;

3. The Parties will produce all Adobe Portable Document Format files as searchable PDF files; and

4. The Parties will consult regarding production of electronic documents in any other format.

C. Privilege and work product:

If a party withholds or redacts, in whole or in part, a document responsive to a discovery request under a claim of attorney-client privilege, attorney work product, or any other privilege or exemption, that party will provide the following information within fourteen days following the time of the response to explain the basis for the claim:

1. The date and type of document;

2. The name and title of any and all authors, senders, and recipients of the document;

3. The name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document or in whose name the document was prepared;

4. The subject matter of the document and the document request to which it responds; and

5. A statement of the basis upon which the document has been redacted or withheld, including the specific nature of the privilege or exemption claimed, detailed grounds for claiming such privilege or exception, and information sufficient to allow the party requesting the document to determine that the asserted privilege applies and has not been waived.

The "clawback" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26, in that inadvertent production shall not constitute any waiver of such privileges.

D.  Dates for commencing and completing discovery:

Discovery shall commence on July 12, 2016, following initial disclosures. The Parties anticipate that all discovery (general and expert) will be completed by November 16, 2016.

E.  Maximum number of interrogatories and deadlines:

Each side may serve on the other side collectively no more than twenty-five interrogatories, unless otherwise agreed by the Parties or ordered by the Court as allowed by Federal Rule of Civil Procedure 33. Responses will be due within 30 days of service unless otherwise agreed by the Parties or ordered by the Court as allowed by the Rules of Civil Procedure.

F.  Maximum number of requests for admission and deadlines:

Each Party may serve on any other party an unlimited number of requests for admission. Responses will be due within 30 days of service unless otherwise agreed by the Parties or ordered by the Court as allowed by the Rules of Civil Procedure.

G.  Maximum number of depositions:

Each side may notice ten depositions.

H.  Limits on length of depositions:

The limit for each deposition shall be one day for seven hours, as per Federal Rule of Civil Procedure 30(d)(1), unless, for the convenience of the deponent and counsel, the Parties agree to conduct a deposition on consecutive days for a total of seven hours.

I.  Dates for exchanging reports of expert witnesses:

The Parties will simultaneously disclose expert reports on September 20, 2016, and rebuttal expert reports on October 20, 2016.

J. Dates for supplementation of discovery responses: Supplementation of discovery responses for each phase of discovery after receipt of new information is required in a timely manner as set forth in Federal Rule of Civil Procedure 26(e), and shall be completed no later than thirty days before trial.

II. **Pretrial Schedule and Deadlines:** Plaintiffs propose the following pretrial schedule.

A. Plaintiffs propose that the Parties shall exchange the final lists of witnesses and exhibits thirty days before trial, as per Federal Rule of Civil Procedure 26(a)(3)(B).

B. Plaintiffs propose that each party should have fourteen days after service of final lists of witnesses and exhibits to list objections, as per Federal Rule of Civil Procedure 26(a)(3)(B).

C. Plaintiffs propose that dispositive motions shall be filed no later than thirty days after the close of discovery.

D. In the event the case goes to trial, Plaintiffs request that a pretrial conference be scheduled fourteen days before trial. Plaintiffs aver that the case should be ready for trial forty-five days after the Court rules on all dispositive motions, and, at this time, trial is expected to take approximately one week.