IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-42-BO

| | | |
|---|---|---|
| RED WOLF COALITION, *et al.*, Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| UNITED STATES FISH AND WILDLIFE SERVICE, *et al.*, Defendants. | ) ) ) ) | |

This cause comes before the Court on the federal defendants' motion to strike plaintiffs' expert designation and motion for protective order. Plaintiffs have responded, and the matter is ripe for ruling. For the reasons that follow, the federal defendants' motion is denied without prejudice.

## BACKGROUND

Plaintiffs, three non-profit public interest organizations that advocate on behalf of the wild red wolf population and other animals which are endangered or threatened with extinction filed this suit in November 2015 alleging that the United States Fish and Wildlife Service (USFWS or the Service) and other defendants have violated Sections 4, 7, and 9 of the Endangered Species Act (ESA), 16 U.S.C. § 1531 *et seq.*, and that defendants have failed to comply with the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-47. Plaintiffs challenge defendants' actions in authorizing the lethal and non-lethal take of red wolves on private land without first satisfying the requirements of the governing regulations and in administering the red wolf rules and regulations in a manner which fails to provide for the conservation of the wild red wolf population.

By order entered September 29, 2016, the Court granted plaintiffs' motion for preliminary injunction and allowed discovery on plaintiffs' Endangered Species Act citizen suit claims. [DE 63]. A scheduling order was thereafter entered and later amended; discovery in this matter now concludes on January 26, 2018, and the dispositive motion filing schedule concludes on June 27, 2018. [DE 70]. On October 2, 2017, the USFWS filed the instant motion pursuant to Fed. R. Civ. P. 26(c) seeking to strike plaintiffs' expert designation of two USFWS employees and seeking a protective order to prevent plaintiffs from designating these USFWS employees as expert witnesses for plaintiffs. USFWS contends that plaintiffs' designation of these two federal employees as experts against the United States is improper, contravenes criminal ethical regulations, and creates an undue burden as plaintiffs' own retained expert has proffered an opinion on the same topics.

## DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure provides that a party from whom discovery is sought may move for a protective order in the court where the action is pending and that the court may, for good cause, issue an order to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).

> The burden of showing good cause rests with the party requesting the protective order. The party must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one.

*Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991) (citations omitted).

USFWS seeks a protective order to preclude plaintiffs from calling Rebecca Harrison, Ph.D. and Justin Bohling, Ph.D. Dr. Harrison is a USFWS employee who was previously the assistant recovery coordinator of the red wolf program and is now employed by USFWS as a

2

supervisory refuge biologist for Alligator River National Wildlife Refuge and Pea Island Refuge. Dr. Bohling is a USFWS employee who works as a conservation geneticist for the Abernathy Fish Technology Center in Longview, Washington and who has an interest in red wolf genetic issues. USFWS notes that neither Dr. Harrison nor Dr. Bohling has been privately retained as experts by plaintiffs, but that plaintiffs have insisted on preserving their right to present the expert opinions of Dr. Harrison and Dr. Bohling without regard to whether they are USFWS employees.

Plaintiffs argue, and the Court agrees, that the USFWS's motion is premature. Plaintiffs have disclosed Drs. Harrison and Bohling as possible adverse experts; plaintiffs have not subpoenaed Dr. Harrison or Dr. Bohling nor have they sought authorization from the appropriate ethics official for Dr. Harrison or Dr. Bohling to testify. *See* 5 C.F.R. § 2635.805 ("Provided that the employee's testimony will not violate any of the principles or standards set forth in this part, authorization to provide expert witness service otherwise prohibited by paragraphs (a) and (b) of this section may be given by the designated agency ethics official of the agency in which the employee serves . . .."). As it remains a possibility that plaintiffs will not seek to compel testimony from Drs. Harrison or Bohling, USFWS' motion is premature and is appropriately denied without prejudice.

## CONCLUSION

For failure to show good cause, the motion to strike and for protective order [DE 67] is DENIED WITHOUT PREJUDICE.

SO ORDERED, this _13_ day of November, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3